## Isaac De Haven, Appt., *v.* Jerome B. Anjer et al., Exr.s of Levi Dillon, to Use of Jerome B. Anjer.

A decree of the orphans' court charging an executor personally with the value of his testator's interest in a firm of which both were members, settles the liability of the executor, and his right, after payment of the money to the persons entitled under the will, to receive as his own the share of the testator on the settlement of the partnership business.

It does not, however, settle the value of that interest, as respects settlement with the surviving partners, nor does it determine that the interest has been sold to anyone.

Until the executor has actually paid for the testator's interest, he holds it in trust for the estate and must account for profits.

Notwithstanding the decree, a bill for an account, against a surviving member of the firm, to ascertain the value of the testator's interest, may be maintained in the name of the executor as plaintiff, and this valuation will include profits on the share until its purchase, although the share was taken at an appraisement previously made.

·   That the executor was at the same time, by amendment, personally named as use plaintiff, worked the defendant no injury, and is no cause for reversal.

The costs of such a proceeding, under the facts of this case, were equally divided between the parties.

(Argued November 2, 1886.   Decided November 15, 1886.)

October Term, 1886, No. 128, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   Appeal from a decree of Common Pleas No. 1 of Allegheny County in favor of plaintiffs in a bill in equity for an account.   Affirmed.

The bill was filed by Jerome B. Anjer and Hetty F. Dillon, executors of Levi Dillon, deceased, against Isaac De Haven. The defendant filed a plea, alleging in substance that the executors were not the proper parties, and an answer; and the court, reserving the question of law raised by the plea and answer, referred the cause to James Fitzsimmons, Esq., as master.   Upon his finding of facts, substantially as set forth in the opinion, the court amended the record by adding the name of Anjer as use plaintiff.   The cause was again referred to the master.   He reported an account stated for him by Mr. Reed, an expert accountant, and the court entered a final decree accordingly.

The assignments of error specified the amendment of the record; the charge of the defendant with the profits made after the death of Dillon to June 18, 1880; the refusal to allow the defendant one fourth of the interest paid for money borrowed for the use of the firm during liquidation; and the refusal to charge all costs to the plaintiffs instead of dividing them equally between the parties.

*Barton & Sons* for appellant.

*Lazear & Orr,* for appellees.—De Haven, not having been a party to the proceedings in the orphans' court, was in no manner affected by that decree, and therefore was not entitled to the benefit of it by way of estoppel. An estoppel by matter of record binds only parties and privies. Converse v. Colton, 49 Pa. 346; Blackwell v. Cameron, 46 Pa. 236.

No one can set up an estoppel who is not affected by the act or thing which constitutes the estoppel. Miles v. Miles, 8 Watts & S. 135; Brubaker v. Okeson, 36 Pa. 519; Troxell v. Lehigh Crane Iron Co. 42 Pa. 513; Allen v. Allen, 45 Pa. 468.

Estoppel must be mutual to be binding. Neither is bound unless the construction extends to both. 2 Smith, Lead. Cas. 677.

If the survivors of a partnership carry on the concern and enter into new transactions with the partnership funds, they do so at their peril; and the representatives of the deceased partner may elect to call on them for the capital, with a share of the profits or with interest. Brown's Appeal, 89 Pa. 147. See also Beatty v. Wray, 19 Pa. 516, 57 Am. Dec. 677.

The general rule in courts of equity as well as courts of law, is to give the costs of suit to the victorious party. Bright, Eq. Jur. § 776.

OPINION BY MR. JUSTICE TRUNKEY:

Isaac De Haven, Jerome B. Anjer, and Levi Dillon were engaged in business as partners under the name of De Haven & Company. The firm was dissolved by the death of Dillon on May 9, 1879. Anjer was appointed one of the executors of his will. On June 24, 1879, the executors filed an inventory and appraisement of the decedent's estate, in which the interest of the decedent in said company was valued at $10,400. Anjer was the active executor, and, upon the settlement of his account, the orphans' court, on January 6, 1881, decreed that he be personally charged with the sum of $10,673.64 for the interest of the decedent in the property of said firm.

That decree settled the liability of the executor, and his right, after payment of the money to the persons entitled under the will, to receive as his own the share of the decedent on settlement of the partnership business; but it neither settled the value

of that interest as respects settlement with the surviving partners, nor that the interest of the decedent had been sold to anybody.

The executors, in case they had not sold the interest, by proper proceedings against the surviving members of the firm, could have compelled an account, and in such proceedings they might recover a greater or less sum than the amount of said decree; but whether it would be to their personal gain or loss would depend on some future action in the orphans' court. It is obvious that, notwithstanding said decree, any action at law against a surviving member of the firm for ascertaining and recovering the value of the decedent's interest would be in the name of the executors as legal parties. In this proceeding it was proper to use their names, and if there was cause for the amendment by adding the name of the use party, it was for the interest of the defendant, thereby enabling him to bring into the account some matter that did not concern the executors or the estate. The money recoverable in this action is still the property of the estate, unless the executor has actually paid the amount to the proper parties. The decree of the orphans' court fixed the executor personally for the payment, but, until payment, he holds the money and property of the estate in trust. However, it works no possible injury to the defendant that the court permitted the name of the use party to be added, and the amendment is no cause for reversal.

After Dillon's death, De Haven and Anjer agreed to continue and did continue the business. They made an indefinite arrangement for the joint purchase of the interest of the deceased partner, and De Haven was to own two thirds and Anjer one third in the new firm. The master finds that the arrangement was never carried out, and on June 18, 1880, Anjer refused to complete the arrangement; whereupon, De Haven became the purchaser of the entire interest of Dillon at the appraised value thereof. This finding is warranted by the testimony. De Haven testifies: "Mr. Anjer told me that upon reflection he had concluded it was not proper for him, as executor of Mr. Dillon's estate, to buy any portion of his interest. He suggested to me that I should buy Mr. Dillon's interest. Upon the strength of this understanding the cross entries were made, appearing upon the page 350, day book or journal, under date of June 18, 1880. These entries were made by me after Mr. Anjer said he would not take Mr. Dillon's interest."

That testimony, with other facts, made it an easy task for the master to determine who purchased, and the date of purchase. At the time they agreed to continue the business, De Haven and Anjer contemplated a joint purchase, and made entries accordingly on their new books; but when they closed their agreement, De Haven purchased alone, held ¾ of the partnership property and Anjer ¼, and "a counter entry was made on the books recharging the Dillon estate with the interest of Levi Dillon, and crediting the accounts of De Haven and Anjer with the same. De Haven was charged with the entire interest of Levi Dillon, and in this shape the books stood until January 1, 1881." On January 1, 1881, Anjer sold his ¼ interest and retired from the firm.

The appraisement was made before the indefinite arrangement for the purchase by both De Haven and Anjer, by men whom De Haven selected. That it was fair there can be no doubt, for all interested parties treat it as correct. Until actually sold, the interest of the deceased partner belonged to his estate. No principle is better settled than that a surviving partner, or a person holding the property of a decedent in trust, who deals with the property, is liable to account for the profits. Upon the facts found the defendant was liable for profits until his purchase in June, 1880. Had a just valuation been put on the interest at the date of the purchase, that would have included profits; but instead the purchase was at a valuation when the interest was not worth so much.

The appellant complains that he was not allowed a credit for $575.94, being ¼ the interest paid for borrowed money to carry the indebtedness of the firm. In his argument reference was made to the testimony of Mr. Reed showing that he rejected this item in his statement of the value of the interest of Dillon on May 12, 1869. But Mr. Reed further testifies: "Had the interest of Dillon carried with it an interest in the profits in the new concern or firm, I should have done so; and on that principle I did charge the Dillon estate with that item in my statement of the account, on the hypothesis that the Dillon estate had an interest in the profits up to June 18, 1880, which account I was directed by the master to make."

And the statement, on the hypothesis that the estate was entitled to profits, shows that said item of $575.94 was allowed to the appellant and charged against the estate. The master came

to the conclusion that the profits which accrued on the interest of the estate, before the sale thereof was consummated, belonged to the estate, and therefore recommended the decree which is for the precise sum as the balance in that statement.

The disposition of the costs was as favorable to the appellant as the facts would justify.

Decree affirmed and appeal dismissed, at the costs of appellant.